# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and
Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

January 26, 2015

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:   United States v. Sherman Lewis, CR 06-568 (JG)**

Dear Judge Gleeson:

  Mr. Lewis pleaded guilty to violating the conditions of his supervised release by illegally possessing a firearm. He is scheduled to be sentenced by this Court on Thursday, January 29 at 10:30 a.m.

  When determining the sentence in this case, Mr. Lewis asks the Court to take into account the significant sentence (5 years) he has served in state prison for the conviction which formed the basis of the instant violation. Also, the Court should be aware that, because of a pending state court case, Mr. Lewis did not have the opportunity to finish his federal sentence in a residential re-entry center. Instead, once his federal sentence was completed, he was produced in state court on the pending case and immediately released from state custody. This circumstance made Mr. Lewis' release into the community less than ideal as he had no time in a residential re-entry center to try to find a job and begin putting his life back together.

  Finally, Mr. Lewis asks the Court to reacquaint itself with the forensic psychological evaluation performed by Dr. Sanford Drob, PhD in advance of his sentencing before this court in 2007. (PACER DOC 17, attachment 2.) Dr. Drob found that Mr. Lewis suffered from a significant deficit in cognitive functioning. Mr. Lewis' mental deficit means that particularly attentive supervision, such as that found in a residential re-entry center, is likely necessary to his successful re-entry into the community.

  Mr. Lewis faces a maximum penalty of 24 months of imprisonment following his violation of the terms of supervised release. 18 U.S.C. § 3583(e)(3). Any term of incarceration may, in the discretion of the Court, be run concurrently with or consecutive to the approximately 8 months he owes on his state sentence. In light of the significant sentence Mr. Lewis has served in state prison, his cognitive challenges, and the likely salutary effect a term in a residential re-

Page 2 of 2<br>**United States v. Sherman Lewis**<br>January 26, 2015

entry center will have, Mr. Lewis asks the Court to consider a sentence that relies less on incarceration and more on supervision that than requested by the Probation Department.

Thank you for your attention to this matter.

                                      Respectfully submitted,

                                      Michael K. Schneider, Esq.
                                      (718) 330-1161

cc:    Clerk of the Court [by ECF]
         Mr. Paul G. Scotti, Assistant U.S. Attorney
         Mr. Steven Scherzer, United States Probation Officer
         Mr. Sherman Lewis