

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SA:PGS

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 28, 2015

<u>By ECF</u>

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

      Re:    United States v. Sherman Lewis
                <u>Criminal Docket No. 06-568 (JG)</u>

Dear Judge Gleeson:

      The defendant is scheduled for sentencing before this Court on Thursday, January 29, 2015, after pleading guilty to violating the conditions of his supervised release in connection with the above referenced matter.  For the reasons set forth below, the Government joins in the United States Probation Department's recommendation that the defendant be sentenced to a custodial term of twenty-four months, to run consecutive to the New York State sentence he is currently serving, followed by one year of supervised release.

      The defendant was released from federal prison and commenced supervised release on March 4, 2011.  Less than three months later the defendant violated the conditions of his supervised release when he was arrested in Kings County and charged with attempted robbery and criminal possession of a loaded firearm after threatening an individual at gunpoint and demanding all of his belongings.  He later pleaded guilty in New York State Supreme Court to attempted robbery and is currently serving the imposed sentence.

      The defendant's failure to follow the Court-imposed conditions of probation by committing the above crimes constitutes a most serious breach of the Court's trust.  Rather than attempting to integrate himself back as a law-abiding member of the community, the defendant chose to commit further crimes against the members of his community.

See U.S.S.G. ch.7, pt. A, ¶3B. Indeed, the defendant, convicted in the instant case for being a felon in possession of a firearm, wasted little time after his release in getting his hands on another gun and using it to threaten others.

Furthermore, the defendant has habitually disregarded the conditions of supervision when placed on probation and parole following felony State convictions. In addition to the violation currently before this Court, the defendant violated the conditions of his State probation in 2003 and State parole in 2006.

Therefore, given the defendant's willful disregard of the conditions set forth by this Court and probation, the violent nature of those violations and his apparent disinterest in rehabilitating himself, it is respectfully recommended that this Court impose the maximum penalty of twenty-four months incarceration followed by one year of supervised release.

Thank you for your consideration and attention to this matter.

        Very truly yours,

        LORETTA E. LYNCH
        United States Attorney

By:   /s/ Paul G. Scotti
      Paul G. Scotti
      Assistant U.S. Attorney
      (718) 254-6366

cc:    Clerk of Court (RAA) (by ECF)
       Michael K. Schneider, Esq., Counsel for the Defendant
       Steven Scherzer, United States Probation Officer